**Nick Bradley MENNICK,
Plaintiff—Appellant,**

**v.**

**J. SMITH, Warden of IMSI; et al., Defendants—Appellees.**

**No. 10–35747.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2011.*

Filed Nov. 23, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nick Bradley Mennick, Boise, ID, pro se.

William Michael Loomis, Esquire, AGID–Office of the Idaho Attorney General, Boise, ID, for Defendants–Appellees.

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Idaho state prisoner Nick Bradley Mennick appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process, Eighth Amendment, and retaliation claims in connection with his confinement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

and may affirm on any ground supported by the record. *Corales v. Bennett,* 567 F.3d 554, 562 (9th Cir.2009). We affirm.

■ The district court properly granted summary judgment on Mennick's claim that his confinement in administrative segregation violated his due process rights because, even assuming that there was a liberty interest at stake, prison officials afforded Neal all the process he was due under the Fourteenth Amendment. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1100–01, 1104 (9th Cir.1986), *abrogated in part on other grounds by Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ The district court properly granted summary judgment on Mennick's Eighth Amendment claim because Mennick failed to raise a genuine dispute of material fact as to whether his continued confinement in administrative segregation placed him at substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ Summary judgement was properly granted on Mennick's retaliation claim because Mennick failed to raise a triable dispute as to retaliatory motive. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (setting forth the elements of a retaliation claim).

■ Mennick's challenge to the district court's denial of his motion for a preliminary injunction is either moot or will not be considered by this court under the doctrine of law of the case. *See Teamsters Joint Council No. 42 v. Int'l Bhd. of Teamsters, AFL–CIO,* 82 F.3d 303, 307 (9th Cir.1996) ("Affirmance of the district court's grant of summary judgment moots

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the preliminary injunction appeal."); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

Mennick's "Motion for Clarification" is granted. We have reviewed the opening brief filed in this appeal.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.